UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YVETTE MCLEAN-PILLINER,

    Plaintiff,

v.                                                    CASE NO. 8:16-CV-2014-17AEP

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon a Motion for Partial Dismissal of Plaintiff's First Amended Complaint filed by Defendant University of South Florida Board of Trustees ("USF"). (Dkt. 8). Plaintiff offers no opposition to the motion to dismiss, but instead files a Motion for Leave to File a Second Amended Complaint. (Dkt. 9). USF responds in opposition to the motion to amend, and Plaintiff replies, with leave of Court. (Dkts. 10, 14). Upon consideration, Plaintiff's motion to amend is granted, and USF's motion to dismiss is denied as moot.

## BACKGROUND

In this employment discrimination action, Plaintiff Yvette McLean-Pilliner alleges that her former employer, USF, unlawfully terminated her employment. Although the instant motions turn on procedural issues, a brief review of the relevant facts follows.

On July 22, 2013, USF hired Plaintiff as a School Improvement Specialist. (Dkt. 2 at ¶ 13). Plaintiff's national origin is Jamaican, and she was the only School Improvement Specialist born outside of the United States. (Id. at ¶¶ 12, 15). Plaintiff's supervisor made

derogatory comments about Plaintiff and her accent, and she was denied work-related requests that were regularly granted to similarly-situated employees outside of her protected class. (Id. at ¶¶ 14-15).

On December 5, 2013, Plaintiff reported the ongoing discriminatory treatment to her director from the University of South Florida Foundation, Inc. ("the Foundation"). (Id. at ¶ 16). On May 9, 2014, Plaintiff sent several emails about the continued discrimination to the Foundation's director and deputy chancellor. (Id. at ¶ 17). No disciplinary action was taken. (Id.). On May 13, 2014, Plaintiff received a letter stating that her employment was terminated, effective June 16, 2014. (Id. at ¶ 18).

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation and discrimination on the basis of national origin. (Id. at ¶ 20; Dkt. 5-1). The EEOC issued a right-to-sue letter on February 2, 2016. (Dkt. 2 at ¶ 10).

On May 2, 2016, Plaintiff filed the instant action in state court, naming the Foundation as the only defendant. (Dkt. 1-1 at 9). On June 21, 2016, Plaintiff filed a First Amended Complaint, which substituted USF as the only defendant. (Dkt. 2). The First Amended Complaint asserts four claims against USF: national origin discrimination in violation of the Florida Civil Rights Act ("FCRA") (Count I), race discrimination in violation of the FCRA (Count II), national origin discrimination in violation of 42 U.S.C. § 1981 (Count III), and race discrimination in violation of Section 1981 (Count IV).

Invoking this Court's federal-question jurisdiction, USF removed the case on July 13, 2016. (Dkt. 1). USF moves to dismiss Count II for failure to exhaust administrative remedies because the EEOC Charge did not assert race discrimination. (Dkt. 5). USF

moves to dismiss the Section 1981 claims in Counts III and IV on various grounds, including sovereign immunity. USF does not challenge the viability of Count I, but USF does argue that the request for punitive damages should be dismissed because the FCRA prohibits recovery of punitive damages against a state agency.

Plaintiff does not address USF's arguments, but instead moves to amend the First Amended Complaint to assert different claims. (Dkt. 9). In particular, the proposed Second Amended Complaint amends Counts II and IV to allege retaliation, rather than race discrimination, and it amends Counts III and IV to assert violations of Title VII of the Civil Rights Act of 1964, rather than Section 1981. (Dkt. 9-1). The Second Amended Complaint also omits the request for punitive damages pursuant to the FCRA.

In response to Plaintiff's motion to amend, USF argues that amendment would be futile because the Title VII claims are untimely and because Plaintiff failed to exhaust her administrative remedies with respect to the proposed retaliation claims. (Dkt. 10). For the reasons explained below, the Court is not persuaded, and Plaintiff's motion to amend will be granted.

## STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend is given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may consider several factors, including whether there was "undue delay, bad faith or dilatory motive," "undue prejudice to the opposing party," and whether amendment would be futile. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1341 (11th Cir. 2014). A proposed amendment is futile when the complaint, as amended, would still be subject to dismissal. Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010).

## DISCUSSION

**1. Timeliness of the Title VII claims**

After the EEOC issues a right-to-sue letter, a plaintiff has 90 days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). In this case, the EEOC issued a right-to-sue letter on February 2, 2016. (Dkt. 2 at ¶ 10; Dkt. 9-1 at ¶ 18). Although the 90-day period has expired, Plaintiff argues that the proposed Title VII claims are timely because they relate back to the original complaint, which was timely filed on May 2, 2016.

Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same[.]." 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1497 (3d ed. 1998); accord United States v. Johnson, 288 F.2d 40, 42 (5th Cir. 1961).

Here, the original complaint was a "pleading," for purposes of applying the relation-back rule, because it supplied a short and plain statement of the claims for relief. Cf. Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148, 149 n.3 (1984) (holding that Rule 15(c) could not apply where the original filing was a right-to-sue letter). Notably, the facts alleged in the Second Amended Complaint are virtually identical to the facts alleged in the original complaint. (Dkt. 9-1 at ¶¶ 8-18; Dkt. 9-2 at ¶¶ 12-20). Both complaints allege that Plaintiff suffered disparate treatment based on her Jamaican national origin, and both

complaints lay the factual groundwork for a retaliation claim by alleging that Plaintiff was terminated in very close proximity to her complaints of discrimination. (Dkt. 9-1 at ¶¶ 8, 10-15; Dkt. 9-2 at ¶¶ 12, 14-18); cf. Walker v. Fulton Cty. Sch. Dist., 624 F. App'x 683, 686 (11th Cir. 2015) (holding that proposed amendment did not relate back where the original complaint did not mention protected conduct or adverse actions). Accordingly, the Court finds that the Title VII claims arise from the same conduct set out in the original complaint, and the claims therefore relate back to the filing of the original complaint.

### 2. Exhaustion of administrative remedies

USF also argues that Plaintiff failed to exhaust her administrative remedies because the Second Amended Complaint references "race" discrimination, and Plaintiff's EEOC Charge alleged only retaliation and national origin discrimination. In response, Plaintiff represents that the references to "race" are mistaken and the claims are based on her national origin. Based on that representation, the Court finds that USF's arguments regarding exhaustion are moot. Plaintiff shall remove the references to "race" in Paragraphs 34 at 51 of the proposed Second Amended Complaint.

### CONCLUSION

Upon consideration, it is **ORDERED** that:

(1)     Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 9) is **GRANTED**. Plaintiff shall file with proposed Second Amended Complaint (Dkt. 9-1), with the necessary corrections to Paragraphs 34 at 51, within **five days** of the date of this Order.

(2)     Defendant's Dispositive Motion for Partial Dismissal of Plaintiff's First

Amended Complaint (Dkt. 8) is **DENIED AS MOOT**.

(3)   The Clerk is directed to update the docket to reflect the proper spelling of Plaintiff's name, Yvette McLean-Pilliner, which the parties agree was misspelled in prior pleadings.

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this ____ day of November, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Pro se Plaintiff
Counsel of record